Attorney Code 46683     ES:er10     ILCH06377     2015.11.30

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

LORI DIPPNER, )
)
    Plaintiff, )
)
v. )
)
SUPERHEAT FGN SERVICES, INC., )
a Delaware corporation, individually, and )
by and through its agents, servants, or )
employees, SUPERHEAT FGN, individually, )
and by and through its agents, servants, or )
employees, JUAN JOSE PEREZ REYES, )
individually, and as agent, servant, or )
employee of Superheat FGN Services, inc., )
and/or Superheat FGN, and/or Enterprise )
Rent-A-Car Company-Midwest, LLC, and/or )
Ean Holdings, LLC, ENTERPRISE RENT-A- )
CAR COMPANY – MIDWEST, LLC, )
individually, and by and through its agents, )
servants, or employees, and )
EAN HOLDINGS., LLC, individually, )
and by and through its agents, servants, or )
employees, )
)
    Defendants. )

**FILED**
NOV 3 0 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:15-cv-10743
Judge Amy J. St. Eve
Magistrate Judge Daniel G. Martin

### NOTICE OF REMOVAL

The defendant, SUPERHEAT FGN SERVICES, INC., by and through counsel, Elana K. Seifert, James M. McKnight, and Michael F. Murphy of the Law Offices of Thomas & Associates, pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441, *et seq.,* hereby gives notice of removal of the instant cause from the Circuit Court of Cook County, Illinois, Case No. 2015 L 010815, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, defendant states as follows:



1. On October 23, 2015, Plaintiff Lori Dippner filed a Complaint in the Circuit Court of Cook County, Illinois, a copy of which is attached as "Exhibit A". Plaintiff's complaint is supported by affidavit stating that the amount in controversy is in excess of $50,000, and the complaint alleges "severe and permanent injuries" to the Plaintiff. On information and belief, Plaintiff is seeking an amount in damages that exceeds the jurisdictional limits of this court.

2. This defendant has filed its appearance and jury demand with the Clerk of the Circuit Court of Cook County, Illinois. See attached "Exhibit B."

3. The defendant is incorporated in the State of Delaware and is a corporate citizen of the state of Delaware.

4. The defendant has its corporate headquarters and principal place of business in the State of Delaware.

5. On information and belief, the plaintiff, Lori Dippner, is a citizen of the State of Illinois. See Exhibit A.

6. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the instant cause pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441, *et seq.*, as diversity of citizenship has been established. The parties are citizens of different states. On information and belief, co-defendant ENTERPRISE RENT-A-CAR – MIDWEST, LLC., is a corporate citizen of Iowa, and EAN HOLDINGS, INC., is not a properly joined party.

7. The defendant, SUPERHEAT FGN SERVICES, INC., was served summons in the state court lawsuit on October 29, 2015, respectively, and this Notice of Removal is being filed within thirty (30) days of that defendant's service. 28 U.S.C. 1446(b).

8. Defendant will file a copy of this Notice of Removal, *instanter*, with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, for the reasons stated above, the defendant, SUPERHEAT FGN SERVICES, INC. does hereby request that this cause proceed before this Honorable Court as an action properly removed to it.

Respectfully submitted,

**THOMAS & ASSOCIATES**

*/s/ Elana K. Seifert*

Elana K. Seifert

Elana K. Seifert
THOMAS & ASSOCIATES
500 W Madison Street
Suite 2900
Chicago, Illinois 60606
(312) 930-5500
Email: elana.seifert@aig.com

## CERTIFICATE OF SERVICE

Under penalties of perjury as provided by Federal law, I, a non-attorney, certify that a true and correct copy of the foregoing Notice of Removal was served upon counsel of record on November 30, 2015, by depositing the same in the U.S. mail chute located at 500 West Madison Street, Chicago, Illinois, 60661, enclosed in an envelope with first class postage prepaid thereon and addressed to the attached Service list:

_____
Norbert E Duckstein

THOMAS & ASSOCIATES
500 W Madison Street
Suite 2900
Chicago, Illinois 60606
(312) 930-5500
AIGILSC@aig.com

*Dippner v. Superheat FGH Services, Inc., et al.*
*Court No.: 15 L 010815 (Cook County)*
*Claim No.: 684-448770-001*
*Judge Brosnahan- Courtroom 2207*
*Motion Call "D"*

ILCH-06377
*SERVICE LIST*

<u>ATTORNEYS FOR PLAINTIFFS:</u>
James A. Karamanis
Shane M. Bradwell
Barney & Karamanis, LLP
180 N. Stetson
Suite 3050
Two Prudential Plaza
Chicago, IL 60601
Tel: (312) 553-5300
Fax: (312) 344-1901
james@bkchicagolaw.com
shane@bkchicagolaw.com

EAN HOLDINGS, LLC
CT CORPORATION SYSTEM
208 S LaSalle Street, Suite 814
Chicago, Illinois 60604

EAN HOLDINGS, LLC
Legal Department
600 Corporate Park Drive
St. Louis, MO 63105

ENTERPRISE RENT-A-CAR COMPANY -- MIDWEST, LLC
CT CORPORATION SYSTEM
208 S LaSalle Street, Suite 814
Chicago, Illinois 60604

ENTERPRISE RENT-A-CAR COMPANY – MIDWEST, LLC
Legal Department
4509 Brady Street
Davenport, Iowa 52806

<u>Court:</u>
Clerk of the Circuit Court of Cook County
Daley Center
50 West Washington Street
Chicago, IL 60602
Civil: (312) 603-6194
www.cookcountyclerkofcourt.org

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
CALENDAR: D
PAGE 1 of 12
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LORI DIPPNER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| SUPERHEAT FGH SERVICES, INC., a Delaware corporation, individually, and by and through its agents, servants, or employees, SUPERHEAT FGH, individually, and by and through its agents, servants, or employees, JUAN JOSE PEREZ REYES, individually, and as agent, servant, or employee of Superheat FGH Services, Inc., and/or Superheat FGH, and/or Enterprise Rent-A-Car Company- Midwest, LLC, and/or Ean Holdings, LLC, ENTERPRISE RENT-A-CAR COMPANY – MIDWEST, LLC, individually, and by and through its agents, servants, or employees, and EAN HOLDINGS, LLC, individually, and by and through its agents, servants, or employees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. |
|     Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LORI DIPPNER, by and through her attorneys, Barney & Karamanis, LLP, and complaining of the Defendants, SUPERHEAT FGH SERVICES, INC, a Delaware corporation, individually, and by and through its agents, servants, or employees, SUPERHEAT FGH, individually, and by and through its agents, servants, or employees, JUAN JOSE PEREZ REYES, individually and as agent, servant, or employee of Superheat FGH Services Inc., and/or Superheat FGH, and/or Enterprise Rent-A-Car Company- Midwest, LLC, and/or Ean Holdings, LLC, ENTERPRISE RENT-A-CAR COMPANY - MIDWEST, LLC, individually, and by and through its agents, servants, or employees, EAN HOLDINGS, LLC, individually, and by and through its agents, servants, or employees, and each of them, states as follows:



DEFENDANT'S EXHIBIT A

## PARTIES

1. At all times relevant herein, Plaintiff, Lori Dippner, resided in the State of Illinois.

2. Defendants Superheat FGH Services, Inc. and Superheat FGH (collectively referred to herein as "Superheat" or "Superheat FGH Services, Inc.") are Delaware corporations, registered to do business in Illinois, with their registered agent located in Cook County, Illinois.

3. Defendant Enterprise-Rent-A-Car Company- Midwest LLC, is a limited liability company, with its registered agent located in Cook County, Illinois, and has various store locations in Cook County. ("Enterprise")

4. Defendant Ean Holdings LLC ("Ean Holdings"), is a limited liability company, with its registered agent located in Cook County.

5. At all times relevant herein, Defendant Juan Jose Perez Reyes ("Reyes") resided in California.

6. At all times relevant to this case, and on October 26, 2013, Reyes was an agent, servant and/or employee of Superheat FGH Services, Inc.

7. At all times relevant to this case, and on October 26, 2013, Reyes was an agent, servant and/or employee of Defendants Enterprise and/or Ean Holdings.

## COUNT I

(Negligence – Juan Jose Perez Reyes, individually, and as agent, servant, or employee of Superheat FGH Services, Inc., and/or Superheat FGH)

1-7. Plaintiff repeats and realleges Paragraphs 1 through 7 of this Complaint as and for Paragraphs 1 through 7 of this Count I as if fully set forth herein.

8. On October 26, 2013, Defendant Reyes, as duly authorized agent, servant and/or employee of Defendant Superheat FGH Services, Inc., was operating a motor vehicle northbound on I-55, at or near milepost 254, in Joliet, Illinois.

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 2 of 12

9. At all times relevant herein, Plaintiff was in the exercise of due care and caution for her own safety and the safety of others, and that at said time and place, the Plaintiff was lawfully traveling on the aforesaid roadway.

10. It was then and there the duty of Defendant Reyes to operate his vehicle with due care and caution for his own safety and the safety of others, including Plaintiff, and in accordance with the applicable statutes and ordinances in effect at the said time and place.

11. In breach of the aforementioned duty, Defendant Reyes caused his vehicle to strike the rear of the vehicle driven by Plaintiff.

12. At the aforesaid time and place, Defendant Reyes was then and there guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to see and observe Plaintiff's vehicle when he could and should have seen and observed it;

    (b) Failed to slow the vehicle to a speed reasonable for traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

    (c) Failed to adjust the speed so as to avoid a collision with Plaintiff's vehicle in violation of 625 ILCS 5/11-905;

    (d) Struck the rear portion of Plaintiff's vehicle;

    (e) Failed to drive the vehicle within the statutory prescribed speed limit;

    (f) Operated the vehicle upon a public way negligently, heedlessly and without due care or caution, and in a manner so as to endanger or likely to endanger any person or property;

    (g) Failed to stop the vehicle in time to avoid the collision although Defendant knew or should have seen that it was impending and had ample time and opportunity to avoid it;

    (h) Failed to turn or change the course of his vehicle so as to have passed Plaintiff's automobile without causing the collision, although he had ample time and opportunity to do so;

    (i) Drove the vehicle with a willful or wanton disregard for the safety of persons or property legally within the roadway in violation of 625 ILCS 5/12-101;

    (j) Failed to keep a safe distance between his vehicle and the vehicle being driven by Plaintiff; and

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 3 of 12

(k) Failed to obey the traffic rules of the State of Illinois.

13. That as a direct and proximate result of one or more of Defendant Reyes' said wrongful acts or omissions, Plaintiff Dippner, was severely injured and became sick, sore, lame and disordered and has suffered severe and permanent injuries, both internal and external, and has suffered loss of earnings and profits, being thereby unable to attend to her usual employment and occupation; and has incurred great medical expenses in and about the treatment of said injuries, property damage and has endured great pain and suffering; and was otherwise injured because of Defendant Reyes' negligence.

WHEREFORE, Plaintiff, Lori Dippner, prays this Honorable Court enter judgment in her favor and against the Defendant, Juan Jose Perez Reyes, individually, and as agent, servant, or employee of Superheat FGH Services, Inc., in an amount in excess of $50,000.00 plus Plaintiff's costs herein, as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

## COUNT II

(Negligence Entrustment – Enterprise Rent-A-Car Company- Midwest LLC and/or Ean Holdings LLC, individually, and by and through their agents, servants, or employees)

1-13. Plaintiff repeats and realleges Paragraphs 1 through 13 of Count I as and for Paragraphs 1 through 13 of this Count II as if fully set forth herein.

14. On or about October 26, 2013, the aforesaid date of occurrence, Defendants Enterprise and/or Ean Holdings were the owners of the vehicle, who entrusted, either expressly and/or impliedly, said vehicle to Defendant Reyes, to be operated by Defendant Reyes.

15. On information and belief, Defendant Reyes was operating said vehicle in a reckless manner, at a speed which was in excess of a safe speed, when he caused his vehicle to collide with the rear end of Plaintiff's vehicle.

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 4 of 12

16. At all times relevant herein, Defendants Enterprise and/or Ean Holdings knew or should have known of Defendant Reyes' inexperience and incompetency with driving automobiles.

17. Defendants Enterprise and/or Ean Holdings then and there owed a duty of exercising due care and caution for the safety of Plaintiff and others lawfully using the public streets in Illinois.

18. Despite said duty, Defendants Enterprise and/or Ean Holdings were then and there guilty of one or more of the following negligent acts or omissions:

(a) Carelessly and negligently entrusting their vehicle to Defendant Reyes, when they knew or in the exercise of ordinary care should have known that Defendant Reyes was incapable of operating said vehicle in a proper and safe manner;

(b) Carelessly and negligently entrusting their vehicle to Defendant Reyes when they knew or in the exercise of ordinary care should have known that Defendant Reyes was inexperienced with operating said vehicle in a proper and safe manner;

(c) Carelessly and negligently entrusting their vehicle to Defendant Reyes when they knew or in the exercise of ordinary care should have known that Defendant Reyes was incompetent of operating said vehicle in a proper and safe manner;

(d) Carelessly and negligently entrusting their vehicle to Defendant Reyes when they knew or in the exercise of ordinary care should have known that Defendant Reyes was recklessly operating said vehicle;

(e) Carelessly and negligently entrusting their vehicle to Defendant Reyes when they knew or in the exercise of ordinary care should have known that said vehicle was in a dangerous and unsafe condition;

(f) Carelessly and negligently entrusting their vehicle to Defendant Reyes when they knew or in the exercise of ordinary care should have known that Defendant Reyes would exceed a safe speed for the driving conditions; and

(g) Carelessly and negligently entrusting their vehicle to Defendant Reyes when they knew or in the exercise of ordinary care should have known that Defendant Reyes was an unfit driver.

19. But for Defendants Enterprise and/or Ean Holdings express and/or implied entrustment of the vehicle to Defendant Reyes, the vehicle would not have been on the road and the accident would not have happened.

20. But for Defendant Reyes's incompetence and recklessness with operating said vehicle, he would not have collided with Plaintiff's vehicle, causing his severe injuries.

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 5 of 12

21. That as a direct and proximate result of one or more of Defendants Enterprise and/or Ean Holdings said wrongful acts or omissions, Plaintiff, Lori Dippner, was severely injured and became sick, sore, lame and disordered and has suffered severe and permanent injuries, both internal and external, and has suffered loss of earnings and profits, being thereby unable to attend to his usual employment and occupation; and has incurred great medical expenses in and about the treatment of said injuries, property damage and has endured great pain and suffering; and was otherwise injured because of Defendants' negligence.

WHEREFORE, Plaintiff, Lori Dippner, prays this Honorable Court enter judgment in her favor and against the Defendants, Enterprise Rent-A-Car Company- Midwest LLC, individually, and by and through its agents, servants, or employees, and/or Ean Holdings LLC, individually, and by and through its agents, servants, or employees, in an amount in excess of $50,000.00 plus Plaintiff's costs herein, as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

## COUNT III

Negligence – Superheat FGH Services, Inc., individually, and by and through its agents, servants, or employees and/or Superheat FGH, individually, and by and through its agents, servants, or employees)

1-21. Plaintiff repeats and realleges Paragraphs 1 through 21 of Count II as and for Paragraphs 1 through 21 of this Count III as if fully set forth herein.

22. On October 26, 2013, Defendant Reyes, as duly authorized agent, servant and/or employee of Defendant Superheat FGH Services, Inc., was operating a motor vehicle on I-55, at or near milepost 254, in Joliet, Illinois.

23. At all times relevant herein, Plaintiff was in the exercise of due care and caution for her own safety and the safety of others, and that at said time and place, the Plaintiff was lawfully traveling on the aforesaid roadway.

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 6 of 12

24. It was then and there the duty of Defendant Superheat FGH Services, Inc., individually, and by and through its agents, servants, or employees, to operate its vehicle with due care and caution for its own safety and the safety of others, including Plaintiff, and in accordance with the applicable statutes and ordinances in effect at the said time and place.

25. In breach of the aforementioned duty, Defendant Superheat caused its vehicle to strike the rear of the vehicle driven by Plaintiff.

26. At the aforesaid time and place, Defendant Superheat, individually, and by and through its agents, servants, or employees, was then and there guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to see and observe Plaintiff's vehicle when it could and should have seen and observed it;

    (b) Failed to slow the vehicle to a speed reasonable for traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

    (c) Failed to adjust the speed so as to avoid a collision with Plaintiff's vehicle in violation of 625 ILCS 5/11-905;

    (d) Struck the rear portion of Plaintiff's vehicle;

    (e) Failed to drive the vehicle within the statutory prescribed speed limit;

    (f) Operated the vehicle upon a public way negligently, heedlessly and without due care or caution, and in a manner so as to endanger or likely to endanger any person or property;

    (g) Failed to stop the vehicle in time to avoid the collision although Defendant knew or should have seen that it was impending and had ample time and opportunity to avoid it;

    (h) Failed to turn or change the course of his vehicle so as to have passed Plaintiff's automobile without causing the collision, although it had ample time and opportunity to do so;

    (i) Drove the vehicle with a willful or wanton disregard for the safety of persons or property legally within the roadway in violation of 625 ILCS 5/12-101;

    (j) Failed to keep a safe distance between his vehicle and the vehicle being driven by Plaintiff; and

    (k) Failed to obey the traffic rules of the State of Illinois.

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 7 of 12

27. That as a direct and proximate result of one or more of Defendant Superheat's said wrongful acts or omissions, Plaintiff Dippner, was severely injured and became sick, sore, lame and disordered and has suffered severe and permanent injuries, both internal and external, and has suffered loss of earnings and profits, being thereby unable to attend to her usual employment and occupation; and has incurred great medical expenses in and about the treatment of said injuries, property damage and has endured great pain and suffering; and was otherwise injured because of Defendant Reyes' negligence.

WHEREFORE, Plaintiff, Lori Dippner, prays this Honorable Court enter judgment in her favor and against the Defendant, Superheat FGH Services, Inc., individually, and by and through its agents, servants, or employees, in an amount in excess of $50,000.00 plus Plaintiff's costs herein, as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

## COUNT IV

(Negligence – Juan Jose Perez Reyes, individually, and as agent, servant, or employee of Enterprise Rent-A-Car Company- Midwest LLC, and/or Ean Holdings LLC)

1-27. Plaintiff repeats and realleges Paragraphs 1 through 27 of Count III as and for Paragraphs 1 through 27 of this Count IV as if fully set forth herein.

28. On information and belief, at all times relevant herein, Defendants Enterprise Rent-A-Car Company- Midwest LLC ("Enterprise") and Ean Holdings LLC ("Ean Holdings") were the owners of the vehicle being driven by Defendant Reyes.

29. That on or about October 26, 2013, Defendant Reyes was driving the vehicle of Defendants, Enterprise and/or Ean Holdings, with the latter's knowledge and consent, as the agent or servant of Defendants Enterpise and/or Ean Holdings.

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 8 of 12

30. On October 26, 2013, Defendant Reyes, as duly authorized agent, servant and/or employee of Defendant Enterprise and/or Ean Holdings was operating a motor vehicle northbound on I-55, at or near milepost 254, in Joliet, Illinois.

31. At all times relevant herein, Plaintiff was in the exercise of due care and caution for her own safety and the safety of others, and that at said time and place, the Plaintiff was lawfully traveling on the aforesaid roadway.

32. It was then and there the duty of Defendant Reyes to operate his vehicle with due care and caution for his own safety and the safety of others, including Plaintiff, and in accordance with the applicable statutes and ordinances in effect at the said time and place.

33. In breach of the aforementioned duty, Defendant Reyes caused his vehicle to strike the rear of the vehicle driven by Plaintiff.

34. At the aforesaid time and place, Defendant Reyes was then and there guilty of one or more of the following careless and negligent acts or omissions:

 (a) Failed to see and observe Plaintiff's vehicle when he could and should have seen and observed it;

 (b) Failed to slow the vehicle to a speed reasonable for traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

 (c) Failed to adjust the speed so as to avoid a collision with Plaintiff's vehicle in violation of 625 ILCS 5/11-905;

 (d) Struck the rear portion of Plaintiff's vehicle;

 (e) Failed to drive the vehicle within the statutory prescribed speed limit;

 (f) Operated the vehicle upon a public way negligently, heedlessly and without due care or caution, and in a manner so as to endanger or likely to endanger any person or property;

 (g) Failed to stop the vehicle in time to avoid the collision although Defendant knew or should have seen that it was impending and had ample time and opportunity to avoid it;

 (h) Failed to turn or change the course of his vehicle so as to have passed Plaintiff's automobile without causing the collision, although he had ample time and opportunity to do so;

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 9 of 12

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 10 of 12

(i) Drove the vehicle with a willful or wanton disregard for the safety of persons or property legally within the roadway in violation of 625 ILCS 5/12-101;

(j) Failed to keep a safe distance between his vehicle and the vehicle being driven by Plaintiff; and

(k) Failed to obey the traffic rules of the State of Illinois.

35. That as a direct and proximate result of one or more of Defendant Reyes' said wrongful acts or omissions, Plaintiff Dippner, was severely injured and became sick, sore, lame and disordered and has suffered severe and permanent injuries, both internal and external, and has suffered loss of earnings and profits, being thereby unable to attend to her usual employment and occupation; and has incurred great medical expenses in and about the treatment of said injuries, property damage and has endured great pain and suffering; and was otherwise injured because of Defendant Reyes' negligence.

WHEREFORE, Plaintiff, Lori Dippner, prays this Honorable Court enter judgment in her favor and against the Defendant, Juan Jose Perez Reyes, individually, and as agent, servant, or employee of Enterprise Rent-A-Car Company- Midwest LLC, and/or Ean Holdings LLC, in an amount in excess of $50,000.00 plus Plaintiff's costs herein, as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

Respectfully submitted,

LORI DIPPNER

By: _____
One of her Attorneys

James A. Karamanis
Shane M. Bradwell

10

Barney & Karamanis, LLP
180 N. Stetson, Suite 3050
Two Prudential Plaza
Chicago, Illinois 60601
Tel.: 312/553-5300

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 11 of 12

11

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LORI DIPPNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SUPERHEAT FGH SERVICES, INC., a Delaware corporation, individually, and by and through its agents, servants, or employees, SUPERHEAT FGH, individually, and by and through its agents, servants, or employees, JUAN JOSE PEREZ REYES, individually, and as agent, servant, or employee of Superheat FGH Services, Inc., and/or Superheat FGH, and/or Enterprise Rent-A-Car Company- Midwest, LLC, and/or Ean Holdings, LLC, ENTERPRISE RENT-A-CAR COMPANY – MIDWEST, LLC, individually, and by and through its agents, servants, or employees, and EAN HOLDINGS, LLC, individually, and by and through its agents, servants, or employees. | ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)**

Pursuant to Supreme Court Rule 222(b), counsel for the above-named Plaintiff certifies that Plaintiff's seek money damages in excess of Fifty Thousand and No/100 ($50,000), exclusive of interest and costs.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Kenneth A. Nazarian

Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300
Attorney No. 48525

ELECTRONICALLY FILED
10/23/2015 6:05 PM
2015-L-010815
PAGE 12 of 12

Attorney Firm No. 46683     EKS:cah     ILCH 6377     November 30, 2015

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LORI DIPPNER, ) | |
| ) | |
| Plaintiff, ) | No.: 15 L 10815 |
| ) | |
| v. ) | |
| ) | |
| SUPERHEAT FGH SERVICES, INC., a ) | |
| Delaware Corp., individually and by and ) | |
| through its agents, servants or employees, ) | |
| JUAN JOSE PEREZ REYES, et al. ) | |
| ) | |
| Defendants. ) | |

## APPEARANCE and JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendants,

**SUPERHEAT FGH SERVICES, INC. and
JUAN JOSE PEREZ REYES**

Defendants demand trial by jury

THOMAS & ASSOCIATES
as attorneys for Defendant(s)

By: _____
Elana K. Seifert

**Elana K. Seifert**
THOMAS & ASSOCIATES
500 W. Madison Street-Suite 2900
Chicago, Illinois 60661
Direct: (312) 756-4159
Phone: (312) 930-5500
Fax:    (866) 794-4702
Firm Email: AIGILSC@aig.com

I, the undersigned, not an attorney, certify that a copy of this Appearance and Jury Demand was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Catherine Hodges

DEFENDANT EXHIBIT B.